**PAPETTI SAMUELS WEISS MCKIRGAN LLP**
16430 North Scottsdale Road
Suite 290
Scottsdale, AZ 85254

**Bruce Samuels** (State Bar No. 015996)
Direct Dial: 480.800.3530
Email: bsamuels@PSWMlaw.com

**Stacey F. Gottlieb** (State Bar No. 015084)
Direct Dial: 480.800.3536
Email: sgottlieb@PSWMlaw.com

**David Brooks Brennan** (State Bar No. 035530)
Direct Dial: 480.908.1860
Email: bbrennan@PSWMlaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dew Wealth Management, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EntreWealth, LLC, dba Socha Capital Wealth Strategies, a Texas limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

For its Complaint against Defendant EntreWealth, LLC dba Socha Capital Wealth Strategies ("Socha"), Dew Wealth Management, LLC ("Dew") alleges as follows:

## NATURE OF ACTION

1. This is an action against Socha for willful federal trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

2. This action results from Socha's unauthorized use of Dew's valid, registered, and protectable trademark, FRACTIONAL FAMILY OFFICE® ("FFO Mark"), on Socha's website used in connection with Socha's business.

3. Socha's use of the FFO Mark is likely to cause confusion, mistake or to deceive as to the source of Socha's services and as to the existence of a connection, affiliation or sponsorship between Socha and Dew, where none exists.

## PARTIES

4. Plaintiff Dew Wealth Management, LLC ("Dew") is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona at 8888 East Raintree Drive #110, Scottsdale, Arizona 85260.

5. Defendant EntreWealth, LLC ("Socha") is a Texas limited liability company that, on information and belief, does business as Socha Capital Wealth Strategies. Socha is headquartered at 1101 Quaker Ridge Drive, Austin, Texas 78746.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction and supplemental jurisdiction over Dew's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) & 1367(a), because this is a civil action arising under the trademark laws of the United States, Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

7. This Court also has general and/or specific jurisdiction over Socha by virtue of (1) Socha's state securities notice filings in Arizona as evidenced by its Form ADV, (2) Socha's hiring of a former Dew employee living in and conducting business from Arizona, and his use of Dew's valid and protectable trademark in marketing his services for Socha, and (3) Socha's intentional use of Dew's valid and protectable trademark on its interactive website to market its services and solicit business from customers located in Arizona, the state in which Dew resides and conducts business.

8. Venue in the District Court of Arizona is proper under 28 U.S.C. § 1391(b) and (c). Socha resides in Arizona pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) because it is subject to this Court's personal jurisdiction. Further, a substantial part of Socha's infringing activities giving rise to this claim occurred in Arizona as they are likely to cause confusion amongst consumers located in Arizona, the state in which Dew resides and conducts business.

## GENERAL ALLEGATIONS

### Dew and Its "Fractional Family Office" Mark

9. Dew is an established and well-respected advisory firm providing private

2

Papetti Samuels Weiss McKirgan LLP
16430 North Scottsdale Road
Suite 290
Scottsdale, AZ 85254

PSWM

1 wealth management services, education, and training to high-net-worth individuals and
2 entrepreneurs throughout the United States.

3      10.     Dubbed as "The Entrepreneur's Virtual Family Office," Dew offers family
4 office services to its high net-worth clients by evaluating and managing the various
5 categories of a client's wealth management strategy (e.g. accounting, estate, insurance,
6 investments, banking, legal, etc.) to ensure they are aligned and working together to
7 serve the client's long-term financial interests.

8      11.     Dew has undertaken several steps to set itself apart from competitors in a
9 crowded market for high-net worth wealth management services. One such effort is
10 marketing itself as the "Fractional Family Office." While a typical family office setup
11 consists of an individual hiring a dedicated team of professionals to manage and
12 coordinate their personal financial affairs at a considerable cost, Dew's Fractional
13 Family Office services provide the same type of oversight and coordination at a fraction
14 of the cost. These services contemplate a step-by-step system developed to build and
15 preserve client wealth.

16      12.     Since at least September 20, 2022, Dew has trademark rights through
17 continuous use in commerce for the mark FRACTIONAL FAMILY OFFICE® in
18 connection with its services.

19      13.     Dew regularly includes the FFO Mark on its letterhead, in handout
20 materials distributed during large group presentations, and in marketing materials
21 distributed to both clients and prospective clients both physically and electronically.

Papetti Samuels Weiss McKirgan LLP
16430 North Scottsdale Road
Suite 290
Scottsdale, AZ 85254
PSWM

14. As a result of Dew's use of the FFO Mark, Dew has enjoyed substantial success, and consumers have come to recognize the FFO Mark as an indicator of Dew's services. The FFO Mark represents valuable goodwill owned by Dew.

15. Dew owns a valid and subsisting United States trademark registration for the FFO Mark, Registration No. 7281921, and has since January 16, 2024. A true and correct copy of Dew's Registration is attached as Exhibit 1. Dew uses the FFO Mark for coaching, educational, and training services in the field of wealth management.

16. The foregoing registration is valid, currently owned by Dew and has not been abandoned.

17. The existence of this valid and subsisting federal trademark registration is prima facie evidence of the validity of the FFO Mark and its registration, of Dew's ownership of the FFO Mark, and of Dew's exclusive right to use the FFO Mark in commerce or in connection with the services specified in the registration. *See* 15 U.S.C.

1  § 1115(a).

2  18.  Dew currently runs over 200 fractional family offices for successful
3  entrepreneurs throughout the United States. The Fractional Family Office concepts has
4  been a principle reason why Dew has become a business worth approximately $42
5  Million. In addition, Dew's, unique Fractional Family Office model has resulted in Dew
6  being recognized by Inc. 5000 for the past three years as one of the fastest growing
7  private companies in the United States.

8  19.  Each year, FFO spends $500,000.00 dollars advertising and promoting its
9  services on materials which include the FFO Mark.

### Socha and Its Wrongful Acts

11  20.  Socha is engaged in substantially the same business as Dew, marketing
12  itself as an advisory firm providing private wealth strategy and family office services to
13  high net-worth entrepreneurs and families throughout the United States.

14  21.  According to Socha's website, it currently has over $1 Billion in client
15  assets under advisement. https://www.sochacapital.com/about#OurStory.

16  22.  Throughout its website, Socha repeatedly and prominently displays the
17  FFO Mark in describing and advertising its services.

18  23.  For example, the FFO Mark is prominently displayed on the main landing
19  page of Socha's website.

### The Complete Family Office Solution

Our full-service approach delivers high-value results.
As a premier **fractional family office** for entrepreneurs, we work to simplify the process of managing wealth by offering complete, customized financial solutions with 5 Strategic Services:

24.  In describing its business model on the "About Us" page of its website, Socha prominently displays the FFO Mark twice.

> As your **fractional family office**, we offer tailored services to manage substantial wealth and accomplish meaningful goals.
>
> Our expertise and proprietary method, **The Freedom Threshold©**, allows us to guide the wealth management process in a way that matches your unique financial landscape—as a business owner and the leader of a family.
>
> Financial planning is not just about generating wealth. It's about preserving, growing, and ultimately leveraging it to make a meaningful life.

> **Your Family Office.**
>
> As a **fractional family office** for founders, high net worth individuals and families making over $1,000,000 a year, we offer a full-service approach with 5 Strategic Services.
>
> **The Freedom Threshold©**
>
> Each one of us has a moment in our lives when we realize life's not about making money, but *making meaning*— for ourselves and others. As financial planners, we guide entrepreneurs to

25. The FFO Mark is also prominently displayed on the "Family Office" page of Socha's website.

> **The Complete Family Office Solution**
>
> Our full-service approach delivers high-value results. As a premier **fractional family office for entrepreneurs** we work to simplify the process of managing wealth by offering complete, customized financial solutions with 5 Strategic Services.

26. The FFO Mark is also prominently displayed at the bottom of each of the six subpages located within the "Family Office Solutions" section of Socha's website.

> **Set Up a Discovery Call with Our Founder**
>
> Our expertise includes cashflow planning, risk management, investment management, legal planning, tax planning, charitable giving, and more.
>
> As a premier **fractional family office for entrepreneurs** we work to simplify the process of managing wealth by offering complete, customized financial solutions

27. The FFO Mark is also repeatedly displayed in the "Our Team" page of Socha's website within the bios of Socha's team members, including Wes Leftwich (a former advisor for Dew), Andrew Vinciguerra, and Alan Kilian.

**Senior Financial Planner**

# Wes Leftwich, CFP®, AIF®, CEPA®, MSFP

Wes Leftwich brings almost a decade of experience working as a Financial Planner, serving his clients as the CEO of their Fractional Family Office. Before joining Socha Capital, he helped scale another INC. 5000 RIA from 10 employees to over 25 employees in 2 years.

**Financial Planner**

# Andrew Vinciguerra, CFP®

Andrew earned a bachelor's degree in finance with a minor in information technology from the Isenberg School of Management at the University of Massachusetts Amherst. He is a CERTIFIED FINANCIAL PLANNER™, a designation which requires professionals to complete extensive training and adhere to a strict code of ethical standards. He is a committed fiduciary when providing financial advice to clients.

Andrew is passionate about delivering exceptional client service, which makes him a valuable member of a fractional family office team. He is a problem solver with a reputation for going the extra mile to deliver results.

**Family Office Director**

# Alan Kilian

Alan is an entrepreneur that is passionate about helping fellow entrepreneurs succeed.

With more than 20 years' experience owning and building companies, Alan worked in industries as varied as oil and gas, trucking and logistics, insurance, manufacturing, marketing and financial services. He served as CEO of a national women's jewelry chain. This experience taught him that the most successful business is one built with the team in mind.

Alan's entrepreneurial spirit and diverse business expertise gives him unique insight into the unique financial solutions founders and business owners need to achieve success. He can quickly identify efficiency gaps and propose solutions to improve bottom-line income.

As the leader of our Fractional Family Office, Alan begins each relationship by understanding his client's goals for their business and family, and then works to develop a plan that guides them to not only achieve their goals but leave a generational legacy.

28. In addition, several members of Socha's team use the FFO Mark on their LinkedIn webpage when describing their positions with Socha.



29. Socha's repeated use of the FFO Mark on the web and in connection with advertisement of its services constitutes commercial use of the FFO Mark.

30. Socha did not obtain Dew's consent to use the FFO Mark.

31. On information and belief, Socha had actual knowledge of Dew and the FFO Mark during the time it committed the aforesaid acts and thus committed the acts willfully and intentionally.

32. Socha's actions are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Socha with Dew, and/or the origin, sponsorship, or approval of Socha's services. The FFO Mark has become well known as being associated with Dew, Socha and Dew are engaged in substantially the same business, Socha and Dew target substantially the same consumer demographic, Socha is using the FFO Mark on its website with knowledge of Dew's ownership and interest in same, and Socha and Dew each utilize web-based advertising.

33. Unless enjoined, Socha will continue to willfully infringe and violate Dew's rights in its FFO Mark, which will irreparably harm Dew and cause Dew to suffer damage to its goodwill, business reputation and trademarked services.

## COUNT I

### (Federal Statutory Trademark Infringement)

34. Dew incorporates the above paragraphs by reference as if fully set forth herein.

35. Dew has a valid, protectible ownership interest in the FFO mark, evidenced by its federal registration.

36. Socha has used the FFO Mark in commerce through repeated and prominent display of the FFO Mark on its website without obtaining the consent of Dew.

37. Socha's unauthorized use of the FFO Mark is likely to cause confusion, mistake, or deception among consumers in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1). Consumers are likely to believe that Socha's use of the FFO Mark is licensed or sponsored by, connected with, or related to Dew.

9

38. By reason of the foregoing acts of Socha, Dew is likely to sustain, substantial injury and damage for which Socha has no adequate remedy at law.

39. On information and belief, Socha's infringement was willful, and Dew is entitled to recover all damages sustained pursuant to 15 U.S.C. § 1117.

## COUNT II

**(Federal Unfair Competition and False Designation of Origin)**

40. Dew incorporates the above paragraphs by reference as if fully set forth herein.

41. Dew has a valid, protectible ownership interest in the FFO mark, evidenced by its federal registration.

42. Socha has used the FFO Mark in commerce through repeated and prominent display of the FFO Mark on its website without obtaining the consent of Dew.

43. Socha's unauthorized use of the FFO Mark constitutes use of a false designation of origin or false or misleading representation in interstate commerce, that is likely to cause confusion, mistake, or deception as to Socha's affiliation, connection or association with Dew, or as to the origin, sponsorship, or approval of Socha's services by Dew in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

44. By reason of the foregoing acts of Socha, Dew is likely to sustain substantial injury and damage for which Socha has no adequate remedy at law.

45. On information and belief, Socha's unfair competition is willful, and Dew is entitled to recover all damages sustained pursuant to 15 U.S.C. § 1117.

## COUNT III

**(Common Law Trademark Infringement)**

46. Dew incorporates the above paragraphs by reference as if fully set forth herein.

47. Dew has common law rights in the FFO Mark through use of the FFO mark in commerce.

48. Socha's acts constitute common law infringement of Dew's FFO Mark.

49. On information and belief, Socha has acted willfully and with the intent to trade on Dew's reputation and to cause confusion, mistake, and deception on the public.

50. By reason of the foregoing acts of Socha, Dew is likely to sustain substantial injury and damage for which Socha has no adequate remedy at law.

51. Dew is entitled to recover damages as allowed under common law.

## PRAYER FOR RELIEF

**WHEREFORE**, Dew respectfully requests that a judgement be granted in its favor, and against Socha, awarding Dew the following damages and relief:

A. An order preliminarily and permanently enjoining Socha from displaying, distributing, utilizing, promoting, reproducing, or showing the FFO Mark on its website, in advertisements, or any other medium.

B. That Socha deliver up for destruction all articles, brochures, prints, advertisements, merchandise, and any other material of an infringing or unfair nature in Socha's possession or control, as well as all means of making the same. 15 U.S.C. § 1118.

C. All damages suffered by reason of Socha's trademark infringement and unfair competition as set forth in this Complaint and to be determined at trial, pursuant to 15 U.S.C. §§ 1117(a) and 1125(c), and otherwise.

D. Treble damages suffered by reason of the intentional, unlawful acts of Socha as set forth in this Complaint. 15 U.S.C. §§ 1117(a) and 1125(c)(2).

E. An order requiring Socha to file with this Court and serve on the undersigned counsel for Dew within thirty days after the entry of judgment a written report under oath setting forth in detail the manner in which Socha has complied with the injunction ordered by this Court. 15 U.S.C. § 1116.

F. All costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, and any other applicable law.

G. For any such other relief this Court deems just and appropriate.

11

DATED this 31st day of March, 2025.

        PAPETTI SAMUELS WEISS MCKIRGAN LLP

        /s/Bruce Samuels
        Bruce Samuels
        Stacey F. Gottlieb
        David Brooks Brennan

        *Attorneys for Plaintiff*